[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10360
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 20, 2010
JOHN LEY
CLERK

D. C. Docket No. 9:06-cv-81041-DMM

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff-Appellee,

versus

JAMIE L. SOLOW,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 20, 2010)

Before TJOFLAT, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

In *S.E.C. v. Solow*, 308 Fed. Appx. 364, 2009 WL 139503 (C.A. 11 (Fla)),

we affirmed the district court's judgment ordering Jamie L. Solow to pay the S.E.C. $3,424,788 in disgorgement. Solow paid only $2,639 of that amount, and the S.E.C. moved the district court for an order to show cause why he should not be held in civil contempt. After Solow filed a response to the S.E.C.'s motion, the district court held an evidentiary hearing. At the conclusion of the hearing, the court found that Solow had not shown a valid excuse for his non-compliance with the disgorgement order and, in fact, had conducted his affairs to avoid compliance. The court therefore held him in civil contempt and ordered him incarcerated until he purges himself of the contempt by paying the amount owed or by satisfactorily demonstrating good faith reasonable efforts to pay it. Solow now appeals the court's contempt order.

At the show cause hearing, the S.E.C. established a prima facie case of civil contempt, i.e., that Solow actively took steps to create his asserted inability to pay. Solow, in response, testified that, among other things, his only asset is his interest in homestead property held with his wife as tenants by the entirety, and he lacked the ability to coerce the sale of the property. The court found Solow's testimony not credible and that rather than making in good faith all reasonable efforts to comply with the disgorgement order, Solow had been frustrating compliance. The district court's credibility finding is well supported in the record. So also are the

2

court's other findings of relevant fact.  We conclude that, on this record, the court acted well within its discretion in adjudging Solow in civil contempt and ordering his incarceration until he purges his contempt in accordance with the court's directive.

AFFIRMED.